HOWARD G. STRAUSS, Appellant, *v.* E. L. QUARLES CORPORATION a Domestic Corporation, Respondent.

Supreme Court, Appellate Term, First Department, December 12, 1924.

Sales — action by buyer for damages for failure to mark sizes on packages of needles — evidence of custom that packages should be so marked is admissible — custom proven.

In an action by a buyer to recover damages for failure of the seller to mark the sizes on packages of needles, evidence of a custom in the trade to so mark the packages is admissible, there being no reference to that detail in the contract. The evidence of custom was ample to establish existence of same.

APPEAL by plaintiff from a judgment of the City Court of the city of New York, dismissing his complaint and in favor of defendant on its counterclaim upon a direction of a verdict.

*Francis Fischer* [*Maxwell Slade* and *David H. Slade* of counsel], for the appellant.

*Putney, Twombly & Putney* [*Lemuel Skidmore* of counsel], for the respondent.

PER CURIAM:

Plaintiff, purchaser, sued for damages by reason of defects in two installments of goods delivered to him by defendant, seller, under a written contract of sale. The defect consisted in the absence of any mark or label on many thousand individual packages of needles indicating their size. The contract of sale contained no reference to this detail of the packing. Plaintiff, however, proved a custom to that effect in the needle trade by two witnesses, both of whom were competent by reason of their experience, and one of whom said that the custom was known " universally " and that the custom was absolute. The other said that there was such a custom and that he had " seen very few needles packed without labels." He also said that the custom was universal. This testimony was received with the reservation that a motion might be made to strike it out. At the close of plaintiff's case defendant's counsel moved to that effect " on the ground that there is no proof of a legal custom which is universal and which would be read into this contract. On the further ground that proof of custom is not proper in this case because of the fact that the contract is entire and contains obviously the entire terms which were agreed upon between the parties and that there is nothing to be interpreted by means of custom."

In our opinion the testimony was competent and ample in every respect, and in particular was not objectionable on the ground that the entire terms of the contract were contained in the writing because the purpose of it was to show that there was a practice as to a detail so universally adopted and known in the trade as that it must necessarily be implied in every contract unless the contrary was expressly provided for. The dismissal of the complaint was, therefore, error.

After the dismissal defendant proceeded with proof of the counterclaim. When it came to the examination of plaintiff's chief witness a certain degree of friction between the learned judge below and plaintiff's counsel began to make itself manifest, and this continued throughout the examination and cross-examination of that witness, finally culminating in plaintiff's counsel's statement that he was

**156** HUDSON FORWARDING & S. CO., INC., *v.* N. Y. C. R. R. Co.

Appellate Term, First Department, December, 1924.　　[Vol. 124]

going to withdraw but remain in the court room, which counsel did. He declined, however, to take any further part in the trial, which thereupon resulted, quite naturally perhaps, in a verdict in favor of defendant on the counterclaim.

We appreciate fully the great nervous strain to which both court and counsel are subjected in the trial of a long and rather intricate case and the possibility of the development of some friction or irritation by reason thereof. It is naturally an exceedingly unwelcome duty to appellate courts to attempt to pass on the merits of the controversy which occasionally ensues, as it did in this case. It suffices for the present purposes to say that there is not apparent in the record any very clear cut reason for the misunderstanding, and that while plaintiff's counsel frequently objected to questions put by the court or took exception to remarks of the court concerning the trial, there appear to be no words of disrespect or even of discourtesy in the report of the proceedings. On the other hand, the occurrences could scarcely fail to have an effect on the jury prejudicial to the interests of the plaintiff. We feel that we are relieved from the necessity of even attempting to determine the merits or place the blame for these untoward incidents because of the fact that a new trial must be had in any event and that to a certain extent the decision of plaintiff's claim may have a decided bearing upon the merits of the counterclaim on questions of fact.

Under the circumstances, we are of opinion that the entire judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.